IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 15-36825 |
| | ) | |
| SHELDON A. WILLIAMS, | ) | Chapter 13 |
| | ) | |
| Debtor, | ) | Honorable Judge Jack B. Schmetterer |
| | ) | |

**PANATTE, LLC'S RESPONSE IN OPPOSITION
TO DEBTOR'S OBJECTION TO CLAIM NUMBER 10-1**

NOW COMES PANATTE, LLC dba People First Fund ("Panatte"), a secured creditor in the above-referenced Chapter 13 Bankruptcy, and in support of its Response in Opposition to Debtor's Objection to Claim Number 10-1, states as follows:

## INTRODUCTION

On October 29, 2015, Sheldon Williams ("Debtor") filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division ("Bankruptcy Case"). The proof of claim deadline for non-governmental claimants was February 22, 2016 ("Bar Date"). On February 19, 2016, Panatte, as assignee of Urban Partnership Bank, filed its secured Proof of Claim, Number 10-1 ("POC").[1] On February 22, 2016, Debtor filed an Objection to Panatte's POC ("Objection") on the basis that Panatte lacked standing to file the POC, and that the POC attachments failed to comply with Federal Rule of Bankruptcy 3002. On April 27, 2016, Panatte filed its Amended Proof of Claim, Number 10-2 ("Amended POC"). A true and correct copy of the Amended POC is attached hereto as <u>Exhibit A</u>.

---

[1] Debtor's Objection blatantly misrepresents that the Bar Date was February 22, <u>2015</u>, when in fact the Bar Date was February 22, <u>2016</u>. Accordingly, there is no question that Panatte's POC was timely filed.

1

2943144.2.21457.50115

To the extent Panatte's original POC was deficient, the Amended POC satisfies those deficiencies. Additionally, Debtor has proffered no valid basis for the Court to disallow Panatte's claims so his Objection should be denied.

## FACTUAL BACKGROUND

Urban Partnership Bank, as assignee of the Federal Deposit Insurance Corporation, Receiver for ShoreBank ("UPB") was a secured creditor of Debtor by virtue of that certain loan made by ShoreBank to Debtor on October 31, 2007 ("Loan"), evidenced by a promissory note dated October 31, 2007 in the original principal amount of $342,000.00. The Loan is secured by a mortgage dated October 31, 2007 and recorded on November 13, 2007 as document number 0731742011 by the Cook County Recorder of Deeds.

On December 11, 2015, UPB sold the Loan to Panatte. The sale was reflected by that certain Allonge and Assignment of Real Estate Mortgages, Deeds of Trust, Assignment of Lease and Rents and Other Loan Documents (collectively, "Transfer Documents"), true and correct copies of which are attached to the Amended POC, and attached hereto as Exhibit B. As of the Bar Date, Panatte was not in possession of the Transfer Documents or Loan payment history. Accordingly, on February 19, 2016, in an effort to preserve its secured claim in the Bankruptcy Case, Panatte filed its POC with the expectation it would file an amendment thereto upon receipt of the Transfer Documents and Loan payment history. Just three days later, on February 22, 2016 (the Bar Date) Debtor's counsel filed the Objection. On March 23, 2016 this Court granted Panatte leave to file its Amended POC and the instant Response.

2

## DISCUSSION

A proof of claim is simply "a written statement setting forth a creditor's claim" conforming substantially to the appropriate Official Form. Federal Rule of Bankruptcy Rule 3001(a) (West 2016). Pursuant to Section 502 of the Bankruptcy Code, a proof of claim is deemed allowed unless a party in interest objects and the court, after notice and a hearing, must allow the claim except to the extent that it is subject to one or more of nine grounds for disallowance enumerated in § 502(b). In re Guidry, 321 B.R. 712, 714 (Bankr. N.D. Ill. 2005). Notably, none of the grounds for disallowance set forth in § 502(b) involve failure to attach documents to a proof of claim. Accordingly, the Debtor's Objection should be denied.

### I. The Amended POC complies with the Bankruptcy Code and sufficiently sets forth Panatte's secured claim.

The Debtor's Objection is based on the following allegations: 1) Panatte lacked standing to file its POC; 2) Panatte's itemized statement was insufficient per 3001(c)(2)(A); and 3) Panatte's POC was insufficient pursuant to 3001(c)(2)(B) and 3001(c)(2(C) because it lacked an arrearage amount, the 410-A Attachment and a payment history. None of these allegations are a recognized basis to disallow an otherwise valid and enforceable mortgage claim. Moreover, pursuant to the Transfer Documents, Panatte had standing to file the POC and its Amended POC satisfies the remaining alleged deficiencies as follows:

#### A. Standing

The Debtor correctly points out that "the deadline for filing a proof of claim in Federal Rule of Bankruptcy Procedure 3002(c) applies to *all* claims, including those of secured creditors." In re Pajian, 785 F.3d 1161, 1165 (7th Cir. 2015). Moreover, a debtor may object— and a court **must disallow** the claim—if the creditor's proof of claim is not timely filed. Id. at 1163 (emphasis added). To avoid this strict disallowance, Panatte filed its POC prior to receiving

3

2943144.2.21457.50115

the Transfer Documents and Loan payment history with the intent that it would file an amended claim upon receipt of same. As the Transfer Documents clearly establish Panatte's ownership of the underlying Loan as of December 11, 2015, prior to the filing of its POC, Panatte had standing to file its POC and its Amended POC.

B.   **Itemized Statement**

The Debtor alleges that Panatte's POC failed to comply with Rule 3001(c)(2)(a), which states, "[i]f, in addition to its principal amount, a claim includes interest, fees, expenses, or other charges incurred before the petition was filed, an itemized statement of the interest, fees, expenses, or charges shall be filed with the proof of claim." However, both the POC and Amended POC fully comply with Rule 3001(c)(2)(a) as both provide an itemized statement of claim that details the computation of the total claim payoff amount, which is all that is required by the bankruptcy rules. See, Bankr. R. 3001(c)(2)(a); See also, Form 410, Section 7.

In addition, the Amended POC includes Form 410-A, which details the accrual of interest, late fees and escrow. Furthermore, Panatte has provided a breakdown of its foreclosure fees and costs, attached hereto as Exhibit C. Accordingly, Panatte's itemized statement complies with Rule 3001(c)(2)(a).

C.   **Arrearage, Form 410-A and Payment History**

In his Objection, the Debtor also claims that Panatte failed to itemize the arrearage amount in accordance with 3001(c)(2)(B) and failed to attach the required Form 410-A pursuant to 3001(c)(2)(C). While Panatte acknowledges that it did not attach Form 410-A to its initial POC (because it was not in possession of the Loan payment history), failure to attach this statement is not a valid reason to disallow Panatte's otherwise enforceable mortgage claim. Courts have held that a claim cannot be disallowed solely on the basis that its proof was not

4

accompanied by a Rule 3001(c) attachment. In re Guidry, 321 B.R. 712 at 714, *referencing* In re Cluff, 313 B.R. 323, 331 (Bankr.D.Utah 2004) ("Bankruptcy Rule 3001 does not provide substantive grounds for disallowance.... Courts have no discretion to disallow claims for reasons beyond those stated in the statute."); In re Shank, 315 B.R. 799, 812 (Bankr.N.D.Ga. 2004). An objection to a proof of claim based solely on the lack of attached documents provides no basis for disallowance of a claim. In re Mazzoni, 318 B.R. 576, 578–79 (Bankr.D.Kan. 2004); In re Taylor, 289 B.R. 379, 384 (Bankr.N.D.Ind. 2003) (holding in a different context that a claim may not be denied for just any reason, but only for one of the reasons Congress has included in § 502(b)).

Notwithstanding the fact that Panatte's claim should not be disallowed for failure to attach documents, Panatte's Amended POC includes a completed Form 410-A which clearly indicates the default amount, payoff amount and documents the accrual of additional fees for the Loan (i.e. late fees and tax disbursements). See, Exhibit A. As a result, Panatte's Amended POC sufficiently addresses Debtor's concerns and the Objection should be denied.

## **CONCLUSION**

As set forth above, Panatte only filed its initial POC to preserve its claim before the passing of the Bar Date. Since Panatte has always indicated its intent to file an amended POC, the instant Objection and subsequent briefing were unnecessary and could have been avoided. To the extent the award of attorneys' fees and costs is discretionary, Panatte respectfully requests this Court deny any such award based on Panatte's good faith basis for filing its original POC. See, Bankr. R. 3001(c)(2)(B)(d)(ii).

As the Amended POC includes the Transfer Documents and a completed Form 410-A, Panatte has resolved the perceived standing issue and has provided the calculations which

5

support the claim and arrearage amounts. Accordingly, the Debtor's Objection to Panatte's POC should be denied, and Panatte's Amended POC should be allowed. Additionally, the Debtor's request for attorneys' fees associated with the filing of his Objection should also be denied.

WHEREFORE, PANATTE, LLC dba People First Fund prays that this Court enter an order: (i) denying Debtor's objection to Claim Number 10-1; (ii) allowing Panatte's Claim Number 10-2; (iii) denying Debtor's request for attorneys' fees and costs; and (iv) for such other relief as this Court deems just and necessary.

          Respectfully submitted,

          PANATTE, LLC dba People First Fund

          By:   */s/ Sachin P. Shah*
                    One of Its Attorneys

Amanda E. Losquadro (#6299371)
Sachin Shah (#6298690)
CHUHAK & TECSON, P.C.
*Attorneys for Panatte, LLC*
30 South Wacker Drive, Suite 2600
Chicago, Illinois 60606-7413
Telephone: (312) 444-9300
Facsimile: (312) 444-9027
sshah@chuhak.com

2943144.2.21457.50115